UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| PAMELA SHORT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:08-112-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| CONAGRA FOODS, INC., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on Plaintiff's Motion to Remand [Record No. 5] and Defendant's Motion to Stay [Record No. 6]. Defendant responded [Record No. 7] to the Motion to Remand. The time for Plaintiff to respond to the Motion to Stay and reply to Defendant's response to the Motion to Remand having passed and none having been filed, this matter is ripe for review.

## Background

On February 12, 2008, Plaintiff filed a Complaint against Defendant in Madison Circuit Court. In her Complaint, Plaintiff alleges that she was injured after ingesting allegedly contaminated Peter Pan® peanut butter which is manufactured by Defendant. Plaintiff claims that she suffered a serious illness which led to "permanent loss of bodily function" (Compl. at ¶ 5) and that she continues to suffer "great mental and physical pain." Compl. at ¶ 6. Defendant removed the action to this Court on February 29, 2008, pursuant to 28 U.S.C. § 1332.

On March 19, 2008, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a Conditional Transfer Order proposing transfer of

this case to the multidistrict litigation established for the Peter Pan®

peanut butter litigation, which is before United States District Judge

Thomas Thrash in the Northern District of Georgia, Atlanta Division,

(the "MDL").  On April 4, 2008, Plaintiff filed a Notice of Opposition

to the proposed transfer of this case to the MDL.  Plaintiff's Notice of

Opposition will be considered without oral argument during the Panel's

July 31, 2008, hearing session.

On April 16, 2008, Plaintiff filed a Motion to Remand [Record No.

5], arguing that the jurisdictional amount in controversy is not met and

that removal to this Court was improper.  Defendant filed a response to

Plaintiff's Motion to Remand on April 30, 2008, along with a Motion to

Stay.

### Motion to Remand

In her Motion to Remand, Plaintiff argues that while there is

complete diversity of citizenship between the parties, this Court lacks

subject matter jurisdiction because the amount in controversy does not

exceed $75,000.  To support her argument, Plaintiff attached to the

Motion to Remand a Stipulation that her damages in this matter do not

exceed $75,000.  In response, Defendant argues that the averments in

Plaintiff's Complaint and the facts surrounding this MDL establish that

this Court has subject matter jurisdiction.

A defendant may remove a civil action brought in state court to

federal court only if the action is one over which the federal court

could have exercised original jurisdiction.  *See* 28 U.S.C. § 1441.

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have

original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where the parties are diverse.   Plaintiff does not dispute that these parties are diverse; therefore, the only issue before this Court is whether the amount in controversy exceeds $75,000.

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332, and it bears the burden of proving that the amount in controversy meets the jurisdictional requirements.  *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).   In determining the appropriateness of a remand, a court must consider whether federal jurisdiction existed <u>at the time the removing party filed the notice of removal</u>.  *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)(emphasis added).   Accordingly, those "events occurring subsequent" to removal "which reduce the amount recoverable below the statutory limit do not oust" the district court of jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-90 (1938)(citations omitted).   The law of this Circuit is clear that   "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers,* 230 F.3d at 872 (6th Cir. 2000).

In her Complaint, Plaintiff claims that as a result of ingesting allegedly contaminated peanut butter, she suffered a "serious illness" and has "permanent loss of bodily function."  Additionally, Plaintiff states that she has suffered and continues to suffer "great mental and physical pain."  Plaintiff stipulates that her damages do not exceed this Court's jurisdictional requirement of $75,000; however, this

stipulation stands in direction contradiction to the numerous other cases in this MDL where individuals are claiming injuries similar to Plaintiff's and whose damages are in excess of $75,000.  While medical costs and damages for each individual would vary, as this Court has previously recognized, "it is unlikely that all of the other cases that arose from the same alleged food poisoning would meet the jurisdictional threshold while this one case would not."  *Ambrozich v. Conagra Foods, Inc.,* No. 7:07cv107 (E.D. Ky. filed Aug. 2, 2007).  Noting Plaintiff's allegation of permanent loss of bodily function and great pain, along with the numerous other cases in this MDL in which the damages exceed $75,000, this Court is of the opinion that Defendant has met its burden of showing that it is "more likely than not" that the jurisdictional amount in controversy prerequisite is met in this case.  *Rogers,* 230 F.3d at 871.

### Motion to Stay

Defendant filed a Motion for a Stay of all proceedings in this matter [Record No. 6], with the exception of "mutually agreed-to procedures to inspect, test, preserve, or document that which the parties believe may be material or relevant evidence in this and related matters, pending this case's transfer as a tag-along action to the Multi District Litigation (the "MDL") No. 1845 in the Northern District of Georgia (Atlanta Division)."  Plaintiff did not respond to Defendant's Motion for Stay.  This Court is of the opinion that in the interest of efficiency and judicial economy, all proceedings, with the exception of the above-mentioned mutually agreed-to procedures, should be stayed

pending the Panel's resolution of Plaintiff's Notice of Opposition of transfer of this matter to the MDL.

### Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That Plaintiff's Motion to Remand [Record No. 5] be, and the same hereby is, **DENIED;** and

2) That Defendant's Motion to Stay [Record No. 6] be, and the same hereby is **GRANTED,** in that all proceedings in this matter, other than mutually agreed-to procedures to inspect, test, preserve, or document that which the parties believe may be material or relevant evidence in this and related matters are hereby stayed until the Panel's resolution of Plaintiff's opposition to the transfer of this matter to the MDL.

This the 23rd day of June, 2008.



**Signed By:**

*__Joseph M. Hood__*

**Senior U.S. District Judge**